# EXHIBIT "A"

STATE OF RHODE ISLAND
WASHINGTON, SC.

SUPERIOR COURT

| | | |
|---|---|---|
| DAVID M. CIAMPI | : | |
| | : | |
| v. | : | C.A. No. 2006-0435 |
| | : | |
| ETSUKO MOTOKI ZUCZEK, in her capacity as Finance Director of the Town of Westerly; PAUL CARINA, in his capacity as Superintendent of Water of the Town of Westerly, and PAUL CHARIDIO, in his capacity as Superintendent of Public Works of the Town of Westerly | : | |

**AMENDED COMPLAINT**

## I. PARTIES

1. David M. Ciampi ("Ciampi") is a resident of the State of Connecticut and is the owner, in fee simple absolute, of real property in the Town of Westerly, located at 486 Atlantic Avenue identified as Assessor's Plat 165, Lot 65 (the "Property").

2. Etsuko Motoi Zuczek is sued in her capacity as Finance Director of the Defendant Town of Westerly.

3. Paul Carina is sued in his capacity as Superintendent of Water of the Town of Westerly.

4. Paul Charidio is sued in his capacity as Superintendent of Public Works (all Defendants collectively hereinafter referred to as the ("Town").

## II. JURISDICTION

5. This Court has jurisdiction over this matter pursuant to R.I. Gen. Laws §§ 8-2-14 and 9-31-1.

6. Ciampi has complied with R.I. Gen. Laws § 45-15-5 by filing a Notice of Claim with the Town Council, on or about December 2, 2005. (Exhibit 1)

## III. GENERAL ALLEGATIONS

7. In September 2000, Ciampi entered into a Purchase and Sale Agreement with the owners of the Property, which was vacant land that was overgrown by brush in a residential area and is considered to be with Coastal Resources Management Council's (CRMC) jurisdiction, to acquire it subject to permitting approval.

8. At the time of the Purchase and Sales Agreement the owners of the Property provided Ciampi with a Real Estate Disclosure indicating that there were no Easements or any encumbrances on the Property.

9. During the permitting process in the Fall of 2000, Ciampi's agents, specifically, his surveyor, biologist and engineer notified him that a drainage ditch existed that ran the entire length of the Property.

10. Ciampi, with his agents and through discussions with Town employees, specifically employees of the Public Works department, determined that the maintenance for the ditch was the Town's responsibility.

11. The purpose of the maintenance was to alleviate puddling and standing water on Atlantic Avenue during and following rain storms.

12. Ciampi approached the Town including the then acting Town Manager, Pamela Nolan, and acting Director of Public Works, John Fussaro, to determine who had created the drainage ditch.

13. The Town admitted that it had created the drainage ditch for the sole purpose of alleviating drainage problems along Atlantic Avenue. Additionally, the Town altered the geometry of the road so that the storm flows would drain into the ditch.

14. On information and belief, the Town, by and through its agents, sometime after 1996, created a 125 ft. drainage ditch on the Property in an attempt to address a drainage issue on property adjacent to Ciampi's Property, specifically, Plat 166, Lot 64 and the surrounding area.

15. As a result of the actions of the Town, the Property is subject to flooding and ponding of water that did not exist on the Property prior to the actions of the Town and during the period of the time, the drainage ditch created two specific areas of isolated freshwater wetlands on the Property. The Town, at the request of Ciampi, applied to CRMC for "relief" through the filling of the drainage ditch and restoring the land back to normalcy, prior to any disruption by the Town of Westerly.

16. CRMC denied the application submitted by the Town.

17. Ciampi worked through 2001 and 2003 and expended monies to gain approvals from CRMC and DEM through multiple avenues, by working around the obstacle of the drainage ditch.

18. Ciampi purchased the Property, on or about December 18, 2003.

19. Beginning in December, 2004, Ciampi began construction on a single-family residence on the Property with the requisite state and municipal approvals and obtained a Certificate of Occupancy from the Town in July 2006.

20. As a result of continued unauthorized actions of the Town, Ciampi was advised in August 2005 by CRMC that the drainage ditch constituted a violation of his Assent to construct

his residence and required him to take corrective action. CRMC recognized that Ciampi was not the source of the violation. (Exhibit 2)

21. Additionally, in the course of the construction of a home on the Property, in July, 2006, and after calling "Dig Safe", Ciampi and his agents also discovered, unbeknownst to Dig Safe personnel that a 4 inch, 125 foot municipal waterline ran through the entire length of his Property that serviced two residences behind the Property, specifically, properties identified as Plat 155, Lots 66 and 67.

22. Upon information and belief, the Town did not gain permission from the previous owners or Ciampi to install the waterline across the Property.

23. The Town advised that the water main was constructed through the Property by a private contractor, however, upon information and belief, the water main materials are stamped with "Property of Town of Westerly" and as such, would have been installed or been authorized for installation by the Town.

24. The Town has derived economic value through the water main.

**COUNT I**

**(Eminent Domain)**

25. Plaintiff realleges and incorporate paragraphs 1 through 24 as if fully set forth herein.

26. The actions of the Town in entering upon the Property and creating flooding, ponding and an increase in wetlands constitute a physical invasion upon and taking of the Property.

27. Ciampi has never been compensated by the Town for said physical invasion and taking.

28. Ciampi has been denied just compensation for the taking of his Property for public use by the Town in violation of the Fifth Amendment of the United States Constitution and Article One, Section Sixteen of the Rhode Island Constitution

**COUNT II**

**(Procedural Due Process)**

29. Ciampi realleges and incorporates paragraphs 1 through 28 as if fully set forth herein.

30. The Town's taking of Ciampi's Property as described in ¶ 15 of this Amended Complaint. violates the procedural requirements and safeguards set forth in R.I. Gen. Laws§§ 45-54-9 and 37-6-28.

31. The Town's taking of Ciampi's Property was unconstitutional as it denied Ciampi his procedural due process rights in violation of 42 U.S.C. § 1983 as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and Article One, Section Two of the Rhode Island Constitution.

WHEREFORE, Ciampi requests that this Court find the Town to be liable to Ciampi and award any and all damages suffered by Ciampi as a result of the actions of the Town in an amount sufficient to meet the jurisdiction of this Court and interest, costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and any other relief which this Court deems just.

**COUNT III**

**(Substantive Due Process)**

32. Ciampi realleges and incorporates paragraphs 1 through 31 as if fully set forth herein.

33. The actions of the Town as alleged in ¶ 15 of this Amended Compliant denied Ciampi his substantive due process rights as the actions were arbitrary and capricious and bore no conceivable substantial or rational relation to the health, safety and welfare of the people and were, therefore, an invalid exercise of police powers.

WHEREFORE, Ciampi requests that this Court find the Town to be liable to Ciampi and award any and all damages suffered by Ciampi as a result of the actions of the Town in an amount sufficient to meet the jurisdiction of this Court and interest, costs and attorneys fees pursuant to 42 U.S.C. § 1988 and any other relief which this Court deems just.

**COUNT IV**

**(Trespass)**

34. Ciampi realleges and incorporate paragraphs 1 through 33 as if fully set forth herein.

35. The Town has trespassed and continues to trespass upon the Property by its repeated failure to correct the flooding and ponding, remove the waterline and restore the Property to its former condition.

36. The Town has no legal right to trespass upon Ciampi's Property.

37. Ciampi has been damaged as a result of the Town's unlawful trespass.

WHEREFORE, Ciampi requests that this Court find the Town to be liable to Ciampi and award any and all damages suffered by Ciampi as a result of the actions of the Town in an amount sufficient to meet the jurisdiction of this Court and interest, costs and attorneys' fees and any other relief which this Court deems just.

**COUNT V**

**(Unjust Enrichment)**

38. Ciampi realleges and incorporates paragraphs 1 through 37 as if fully set forth herein.

39. The actions of the Town have benefited the Town in that the Property serves as a *de facto* drainage swale for the surrounding area and *de facto* easement for the waterline.

40. The Town has never compensated Ciampi for the benefit which it received as a result of its actions.

41. The Town has been unjustly enriched at the expense of Ciampi.

WHEREFORE, Ciampi requests that this Court find the Town to be liable to Ciampi and award any and all damages suffered by Ciampi as a result of the actions of the Town in an amount sufficient to meet the jurisdiction of this Court and interest, costs and attorneys' fees and any other relief which this Court deems just.

**COUNT VI**

**(Indemnification)**

42. Ciampi realleges and incorporates paragraphs 1 through 41 as if fully set forth herein.

43. As a result of the wrongful actions of the Town, Ciampi has suffered damages.

44. Ciampi is entitled to indemnification from the Town for his damages.

WHEREFORE, Ciampi requests that this Court find the Town to be liable to Ciampi and award any and all damages suffered by Ciampi as a result of the actions of the Town in an

amount sufficient to meet the jurisdiction of this Court and interest, costs and attorneys' fees and any other relief which this Court deems just.

PLAINTIFF,
DAVID M. CIAMPI

By his Attorney,

Elizabeth McDonough Noonan, #4226
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607/751-0604
Dated: May 4, 2007

***PLAINTIFF DEMANDS A TRIAL BY JURY***

***PLAINTIFF DEMANDS A TRIAL BY JURY***

**VERIFICATION**

I declare under penalty of perjury that the foregoing factual allegations in this Amended Complaint are true and correct.

Executed on April 24, 2007

DAVID M. CIAMPI

STATE OF FLORIDA
COUNTY OF COLLIER

Subscribed and sworn to before me in Naples, Florida, this 24th day of April, 2007.

MARK W. STERN
MY COMMISSION # DD 328501
EXPIRES: June 28, 2008
Bonded Thru Notary Public Underwriters

NOTARY PUBLIC

*412900_1.doc*

My Commission Expires : 06/28/08

*412900_1.doc*

MICHAEL P. LYNCH
ATTORNEY AND COUNSELOR AT LAW

ADMITTED IN BOTH
RHODE ISLAND &
MASSACHUSETTS

117 HIGH STREET, SUITE 2
P.O. BOX 761
WESTERLY, RHODE ISLAND 02891

TELEPHONE (401) 348-3000

TELEFAX (401) 348-8900

December 2, 2005

Mrs. Donna Giordano
Town Clerk
Westerly Town Hall
45 Broad Street
Westerly, RI 02891

Re: David M. Ciampi
Plat 155 Lot 65, Town of Westerly

Dear Mrs. Giordano:

I write on behalf of David M. Ciampi, an owner of property located at 486 Atlantic Avenue, Westerly, Rhode Island, a.k.a. Lot 65 on Plat 155 in the Town of Westerly.

The purpose of this letter is to place the Town of Westerly on notice, in accordance with Rhode Island General Law § 45-15-5, of my client's claims against the Town of Westerly. Specifically, the Town of Westerly installed, across the Ciampi property, a drain. The Town of Westerly had never obtained or ever sought an easement across the Ciampi property. In fact, the Town's action resulted in the Town having to apply to the Coastal Resources Management Council for assent to remediate its unlawful actions. The purpose of this drain was in lieu of undertaking the necessary action to properly remediate water that pooled on Atlantic Avenue. The Town, however, never obtained the necessary approvals or authorizations to act as it did. In fact, the Town always seemed to act in a surreptitious fashion. Mr. Ciampi, because of the Town's actions, continues to now have significant water problems. Water continues to gather creating a "ponding" on his property. As a result of this continuing trespass my client has had to retain the services of professionals given that the Town of Westerly has failed to resolve this matter. The Town's actions have had significant adverse consequences to my client's property including not only the value thereto but the use of his property to its fullest extent.

This letter is intended to place the Town of Westerly on notice, in accordance with R.I.G.L. Section 45-15-5, of Mr. Ciampi's claim in the amount of no less than $300,000.00. Please forward this correspondence to the Town Council for consideration in accordance with the foregoing statute.

Thank you.

Very truly yours,

Michael P. Lynch

MPL/tr
cc: David M. Ciampi

Clients/Civil/Ciampi/Giordano.letter

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

COASTAL RESOURCES MANAGEMENT COUNCIL
Oliver H. Stedman Government Center
4808 Tower Hill Road, Suite 3
Wakefield, R.I. 02879-1900

(401) 783-3370
FAX: (401) 783-3767

July 1, 2005

David M. Chiampi
2278 Waterburg Road
Cheshire, CT 06410

**RE: Plat 155, Lot 65, Town of Westerly**

Dear Mr. Chiampi:

I have inspected the above-referenced property and found that, as you indicated, the area subject to storm flow (ASSF) has been excavated without prior authorization. Although this constitutes a violation of your assent (CRMC file no. A2004-02-024), the CRMC recognizes that this activity was not undertaken by you or with your consent. Further, it is unclear who is responsible for this unauthorized activity. Accordingly, this letter authorizes you to restore the ASSF to its previous condition. Once the ASSF has been filled in, a conservation seed mix should be spread on all exposed soils.

With regard to your inquiry concerning the staircase accessing the dwelling, the approved plans do not specify in detail the layout of the staircase. It is my understanding that you wish to include a landing on the stairs. While an assent modification is not required for this minor change, authorization from the local building official is. You must, therefore, submit a copy of the building official's approval of this modification to this office for your file. Additionally, you must remain within the authorized limit of disturbance as shown on the approved plans ("Proposed Sewage Disposal System, David Chiampi, AP 155, Lot 65, 486 Atlantic Ave., Westerly,…").

Should you have any questions, you may contact me at 783-3370.

Sincerely,

Laura Miguel, Enforcement
Coastal Resources Management Council

/pjc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID M. CIAMPI,<br>Plaintiff,<br><br>v.<br><br>ETSUKO MOTOKI ZUCZEK, in her capacity as Finance Director of the Town of Westerly; PAUL CORINA, in his capacity as Superintendent of Water of the Town of Westerly, and PETER CHIARADIO, in his capacity as Superintendent of Public Works of the Town of Westerly,<br>Defendants | ) | C.A. NO. ____________ |

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441(a)**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND:

The Defendants, ETSUKO MOTOKI ZUCZEK, in her capacity as Finance Director of the Town of Westerly, PAUL CORINA, in his capacity as Superintendent of Water of the Town of Westerly, and PETER CHIARADIO, in his capacity as Superintendent of Public Works of the Town of Westerly, respectfully petition for removal of the above-entitled action to the United States District Court for the District of Rhode Island, Civil Section, from the Superior Court of the State of Rhode Island for Washington County. For their Notice of Removal, the Defendants state as follows:

1. The Defendants have been named by the Plaintiff, David M. Ciampi, in a civil action filed in the Superior Court of the State of Rhode Island for Washington County, entitled David M. Ciampi v. Etsuko Motoki Zuczek, et al., Civil Action No. 06-0435. On June 8, 2007, the Town of Westerly Town Clerk received a copy of a Summons for each of the named defendants and a copy