UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID M. CIAMPI, Plaintiff, | ) | |
| v. | ) | |
| ETSUKO MOTOKI ZUCZEK, in her capacity as Finance Director of the Town of Westerly; PAUL CORINA, in his capacity as Superintendent of Water of the Town of Westerly, and PETER CHIARADIO, in his capacity as Superintendent of Public Works of the Town of Westerly, Defendants | ) | C.A. NO. 07-256 S |

**DEFENDANTS' ANSWER TO PLAINTIFF AMENDED COMPLAINT,**
**AFFIRMATIVE DEFENSES AND JURY DEMAND**

**FIRST DEFENSE**

The Plaintiff's Amended Complaint fails to state a claim against the Defendants upon which relief can be granted and, therefore, must be dismissed.

**SECOND DEFENSE**

The Defendants respond to the allegations contained in Plaintiff's Amended Complaint, paragraph by paragraph, as follows:

**I. Parties**

1. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Amended Complaint and therefore leave the Plaintiff to prove same.

2. The Defendants admit the allegations contained in Paragraph 2 of the Amended Complaint to the extent it alleges Etsuko Zuczek is the Westerly Finance Director. The Defendants do not respond

to the allegations concerning the capacity in which she is sued because such allegations are legal conclusions not requiring a responsive pleading.

3. The Defendants deny the person named, as spelled, is the Superintendent of Water. Further responding, the Defendants state Paul Corina is the Westerly Utilities Superintendent. The Defendants do not respond to the allegations concerning the capacity in which he is sued because such allegations are legal conclusions not requiring a responsive pleading.

4. The Defendants deny the person named is Superintendent of Public Works. Further responding, the Defendants state Peter Chiaradio is the Westerly Public Works Superintendent. The Defendants do not respond to the allegations concerning the capacity in which he is sued because such allegations are legal conclusions not requiring a responsive pleading.

## II. <u>Jurisdiction</u>

5. The Defendants do not respond to the allegations contained in Paragraph 5 of the Amended Complaint because such allegations contain conclusions of law not requiring a responsive pleading. To the extent a response is deemed necessary, the Defendants deny the allegations contained in Paragraph 5 of the Amended Complaint.

6. The Defendants admit that the attached Exhibit to the Amended Complaint purports to comply with the notice requirements under R.I. Gen. Laws. The Defendants are without knowledge as to whether this notice was received by the addressee and therefore can neither admit nor deny the allegations in Paragraph 6 of the Amended Complaint to the extent it alleges Plaintiff complied with the statutory notice requirements. Further responding, the Defendants deny each and every allegation contained within the attached Exhibit to the Amended Complaint.

## III. General Allegations

7. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint and therefore leave the Plaintiff to prove same.

8. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended Complaint and therefore leave the Plaintiff to prove same.

9. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Amended Complaint and therefore leave the Plaintiff to prove same.

10. The Defendants deny the allegations contained in Paragraph 10 of the Amended Complaint.

11. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended Complaint and therefore leave the Plaintiff to prove same.

12. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended Complaint and therefore leave the Plaintiff to prove same.

13. The Defendants deny the allegations contained in Paragraph 13 of the Amended Complaint.

14. The Defendants deny the allegations contained in Paragraph 14 of the Amended Complaint.

15. The Defendants deny the allegations contained in Paragraph 15 of the Amended Complaint.

16. The Defendants are without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 16 of the Amended Complaint and therefore leave the Plaintiff to prove same.

17. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended Complaint and therefore leave the Plaintiff to prove same.

18. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended Complaint and therefore leave the Plaintiff to prove same.

19. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended Complaint and therefore leave the Plaintiff to prove same.

20. The Defendants deny the allegations contained in Paragraph 20 of the Amended Complaint.

21. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Amended Complaint and therefore leave the Plaintiff to prove same.

22. The Defendants deny the allegations contained in Paragraph 22 of the Amended Complaint that the Town installed a waterline across the property. The Defendants deny each and every other allegation contained in Paragraph 22 of the Amended Complaint.

23. The Defendants deny the allegations contained in Paragraph 23 of the Amended Complaint to the extent it alleges the Town installed a water main through the property. The Defendants admit that Paul Corina advised Plaintiff that any such water line would likely have been installed by a private

contractor. The Defendants deny each and every other allegation contained in Paragraph 23 of the Amended Complaint.

24. The Defendants admit the allegations contained in Paragraph 24 of the Amended Complaint to the extent it alleges the Town derives fees for providing water service to residents. The Defendants are without knowledge to admit or deny the remaining allegations contained in Paragraph 24 of the Amended Complaint.

**COUNT I**

**(Eminent Domain)**

25. The Defendants repeat and reallege their answers to Paragraphs 1 through 24 of the Plaintiff's Amended Complaint as if fully set forth herein.

26. The Defendants deny the allegations contained in Paragraph 26 of the Amended Complaint.

27. The Defendants deny the allegations contained in Paragraph 27 of the Amended Complaint.

28. The Defendants deny the allegations contained in Paragraph 28 of the Amended Complaint.

**COUNT II**

**(Procedural Due Process)**

29. The Defendants repeat and reallege their answers to Paragraphs 1 through 28 of the Plaintiff's Amended Complaint as if fully set forth herein.

30. The Defendants deny the allegations contained in Paragraph 30 of the Amended Complaint.

31. The Defendants deny the allegations contained in Paragraph 31 of the Amended Complaint.

**COUNT III**

**(Substantive Due Process)**

32. The Defendants repeat and reallege their answers to Paragraphs 1 through 31 of the Plaintiff's Amended Complaint as if fully set forth herein.

33. The Defendants deny the allegations contained in Paragraph 33 of the Amended Complaint.

**COUNT IV**

**(Trespass)**

34. The Defendants repeat and reallege their answers to Paragraphs 1 through 33 of the Plaintiff's Amended Complaint as if fully set forth herein.

35. The Defendants deny the allegations contained in Paragraph 35 of the Amended Complaint.

36. The Defendants deny the allegations contained in Paragraph 36 of the Amended Complaint.

37. The Defendants deny the allegations contained in Paragraph 37 of the Amended Complaint.

**COUNT V**

**(Unjust Enrichment)**

38. The Defendants repeat and reallege their answers to Paragraphs 1 through 37 of the Plaintiff's Amended Complaint as if fully set forth herein.

39. The Defendants deny the allegations contained in Paragraph 39 of the Amended Complaint.

40. The Defendants deny the allegations contained in Paragraph 40 of the Amended Complaint.

41. The Defendants deny the allegations contained in Paragraph 41 of the Amended Complaint.

**COUNT VI**

**(Indemnification)**

42. The Defendants repeat and reallege their answers to Paragraphs 1 through 41 of the Plaintiff's Amended Complaint as if fully set forth herein.

43. The Defendants deny the allegations contained in Paragraph 43 of the Amended Complaint.

44. The Defendants deny the allegations contained in Paragraph 44 of the Amended Complaint.

**THIRD DEFENSE**

The Plaintiff failed to comply with R.I.G.L. §45-15-5 and, therefore, his Amended Complaint as against the Defendants must be dismissed.

**FOURTH DEFENSE**

The Defendants' liability to the Plaintiff (if any) is limited by the provisions of R.I.G.L. §9-31-1, et. seq.

**FIFTH DEFENSE**

The Defendants cannot be held liable to the Plaintiff on the grounds that Defendants' acts or omissions (if any) were discretionary; therefore, the Defendants remain immune from liability.

**SIXTH DEFENSE**

The Defendants cannot be held liable to the Plaintiff on the grounds that any duty owed to the Plaintiff was a public duty; therefore, the Defendants remain immune from liability.

**SEVENTH DEFENSE**

The Defendants were engaged in a governmental activity or function not ordinarily performed by a private person; therefore, the Defendants remain immune from liability.

**EIGHTH DEFENSE**

The Defendants are protected from liability by the doctrine of sovereign immunity.

**NINTH DEFENSE**

The Plaintiff's damages, if any, were caused by someone for whose conduct the Defendants cannot be held responsible.

**TENTH DEFENSE**

The Plaintiff failed to mitigate damages.

**ELEVENTH DEFENSE**

The Plaintiff was comparatively negligent; therefore, his recovery (if any) must be diminished by the proportion of negligence attributable to him. R.I.G.L. §9-20-4.

**TWELFTH DEFENSE**

The Plaintiff voluntarily exposed himself to a known and appreciated risk and, therefore, cannot recover.

**THIRTEENTH DEFENSE**

The Plaintiff, by his conduct or actions, are estopped from recovering in this matter against the Defendants.

**FOURTEENTH DEFENSE**

The injury or damages alleged in the Complaint were neither caused nor proximately caused by the Defendants.

**FIFTEENTH DEFENSE**

The Plaintiff has failed to effect service of process, and/or effected insufficient service of process, and therefore cannot recover against Defendants.

**SIXTEENTH DEFENSE**

The Defendants state that the Plaintiff was guilty of contributory negligence and that the damages,

if any, recovered by the Plaintiff from the Defendants should be reduced in proportion to the said negligence of the Plaintiff.

**SEVENTEENTH DEFENSE**

The Defendants state that Plaintiff failed to exhaust his administrative remedies and therefore cannot recover.

**EIGHTEENTH DEFENSE**

The Defendants state that the Plaintiff, by virtue of his actions or conduct and/or the actions or conduct of their agents, servants, employees or representatives, cannot recover from the defendants.

**NINETEENTH DEFENSE**

The Defendants state that there was no causal relationship between the Plaintiff's alleged damages and the acts or omissions of the Defendants; therefore, the Plaintiff cannot recover against the Defendants for negligence or for the maintenance of a private nuisance.

**TWENTIETH DEFENSE**

The Defendants state that the Plaintiff's damages, if any, were caused by an act of God and, therefore, Plaintiff's recovery against the Defendants is barred.

**TWENTY-FIRST DEFENSE**

The Plaintiff's recovery is barred by the applicable statute of limitations.

**TWENTY-SECOND DEFENSE**

The Defendants' conduct with respect to the maintenance of its property was authorized by law and, therefore, the Plaintiff's recovery is barred.

**TWENTY-THIRD DEFENSE**

The Defendants' conduct with respect to the maintenance of its property was both legal and reasonable and, therefore, the Plaintiff's recovery is barred.

**TWENTY-FOURTH DEFENSE**

The Plaintiff's Amended Complaint must be dismissed for misnomer of a party.

**TWENTY-FIFTH DEFENSE**

The Defendants state that the injuries or damages alleged were caused in whole or in part by the violation by the Plaintiff of the various statutes, ordinances and regulations governing the conduct of the parties at the time said injuries or damages were sustained.

**TWENTY-SIXTH DEFENSE**

The individual Defendants are entitled to qualified immunity.

**TWENTY-SEVENTH DEFENSE**

The Plaintiff cannot recover against the individual Defendants named in their official capacity because official capacity lawsuits are tantamount to suits against the municipality itself.

**TWENTY-EIGHTH DEFENSE**

The Defendants state that the actions of the Defendants were performed according to, and protected by law, and/or legal process, and that therefore the Plaintiff cannot recover.

**TWENTY-NINTH DEFENSE**

The Defendants were privileged in their conduct and acts and, therefore, the Plaintiff cannot recover.

**THIRTIETH DEFENSE**

The Defendants state that at all times relevant hereto, the Defendants acted without malice toward

the Plaintiff and that their actions relative to the Plaintiff were privileged by virtue of their acting reasonably and in good faith within the scope of their authority.

**THIRTY-FIRST DEFENSE**

The Defendants answering state that the Plaintiff was not deprived of any rights secured by either the state or U.S. Constitution or by the laws of the State of Rhode Island or the United States.

**THIRTY-SECOND DEFENSE**

The Defendants state Plaintiff cannot demonstrate his rights were deprived by action of a custom, policy or practice of the municipal Defendants and therefore Plaintiff cannot recover.

**JURY DEMAND**

The Defendants demand a trial by jury on all issues raised in the Amended Complaint and in this Answer.

Respectfully submitted,

The Defendants,
By their attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

/s/ John J. Cloherty III

John J. Cloherty III, RI Bar No. 5068
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Rhode Island Office:
128 Dorrance St., Suite 400
Providence RI 02903
(866) 896-4901

CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon each attorney of record, by first-class mail.

07/10/07 /s/ John J. Cloherty III

Date