UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID M. CIAMPI, Plaintiff, | |
| v. | |
| ETSUKO MOTOKI ZUCZEK, in her capacity as Finance Director of the Town of Westerly; PAUL CORINA, in his capacity as Superintendent of Water of the Town of Westerly, and PETER CHIARADIO, in his capacity as Superintendent of Public Works of the Town of Westerly, Defendants | C.A. NO. 07-256 S |

**PROPOSED DISCOVERY PLAN**

Pursuant to Rule 26(f) the parties hereby propose the following discovery plan:

(1) Disclosures Under Rule 26(a)

The parties agree that the Required Disclosures under Rule 26(a)(1) may be served within three weeks of the Rule 16 Conference, thus no later than August 22, 2007, unless the court directs otherwise.

(2) Discovery Subjects, Deadlines, and Phasing

The parties propose phasing of discovery into two phases for fact discovery and expert discovery, with the following proposed deadlines:

a. Fact Discovery, including depositions and written/document discovery will end on April 1, 2008;

b. Plaintiffs will disclose their expert(s) by May 1, 2008;

c. Defendants will disclose their experts within thirty (30) days after Plaintiffs' disclosure;

d. All Expert Depositions shall be completed within sixty (60) days after Defendants' disclosures,

or as mutually agreed by the parties;

(3) Discovery of Electronically Stored Information

The parties agree to confer regarding the designation of mutually agreeable search terms for use in identifying responsive electronically stored information (ESI), and thereafter produce all such responsive non-privileged ESI, together with a privileged document log for all ESI deemed privileged by a party. The parties agree that the deadline for such production will be no earlier than 30 days after the parties agree to search terms, or such other time as agreed upon by the parties. In the event the parties cannot agree upon search terms, the parties acknowledge that they may each request such ESI pursuant to Rule 34 and thereafter seek relief from Court to compel responses as necessary and warranted.

(4) Privileged Materials

The parties will comply with Rule 26(a)(5) concerning any claims of privilege or protection of Trial-Preparation Materials.

(5) Agreed Discovery Limitations

The parties agree to the following discovery limitations: the number of discovery events shall be limited for each party to ten (10) depositions, twenty-five (25) interrogatories, twenty-five (25) requests for admissions, and three (3) separate sets of requests for production. For purposes of determining the number of interrogatories propounded, subparts of a basic interrogatory which are logical extensions of the basic interrogatory and seek only to obtain specified additional particularized information with respect to the basic interrogatory shall not be counted separately from the basic interrogatory.

The parties may extend these limits by agreement at any time, however if unable to agree, the parties must seek leave of court to exceed these limits.

(6) Protective Orders Under Rule 26(c) and Pre-Trial Orders Under Rule 16(c)

At this time the parties do not contemplate the need for any such orders but reserve the right to later seek such orders by way of Motion.

Respectfully submitted,

The Plaintiff,
By his Attorney,

/s/ Elizbath Noonan /jjc/

Elizabeth McDonough Noonan; R.I. Bar No. 4226
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200

The Defendants,
By their Attorneys,

/s/ John J. Cloherty III

John J. Cloherty III; R.I. Bar No. 5068
**PIERCE, DAVIS & PERRITANO, LLP**
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Rhode Island Office:
128 Dorrance St., Suite 400
Providence RI 02903

CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon each attorney of record, by electronic mail.

7/26/07 /s/ John J. Cloherty III

Date