UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID M. CIAMPI,<br>Plaintiff,<br><br>v.<br><br>ETSUKO MOTOKI ZUCZEK, in her capacity as Finance Director of the Town of Westerly; PAUL CORINA, in his capacity as Superintendent of Water of the Town of Westerly, and PETER CHIARADIO, in his capacity as Superintendent of Public Works of the Town of Westerly,<br>Defendants | C.A. NO. 07-256 S |

**DEFENDANTS' LOCAL RULE 16(C) STATEMENT OF CLAIMS AND DEFENSES**

Now come the Defendants, pursuant to Local Rule 16(c), and make the following brief Statement of Claims and Defenses:

**1. Claims:**

The Defendants have not asserted any claims in this litigation.

**2. Affirmative Defenses:**

The Defendants provide the following legal elements for it's affirmative defenses asserted in their Answer to the Amended Complaint:

**FIRST DEFENSE**

The Plaintiff's Amended Complaint fails to state a claim against the Defendants upon which relief can be granted and, therefore, must be dismissed.

Elements: The Federal Rules provide that "[e]very defense, in law or fact, to a claim for relief in any pleading, ... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b).

**SECOND DEFENSE**

The Defendants respond to the allegations contained in Plaintiff's Amended Complaint, paragraph by paragraph, as follows:

Elements: This is prefatory language to Answer to particular allegations in Amended Complaint.

**THIRD DEFENSE**

The Plaintiff failed to comply with R.I.G.L. § 45-15-5 and, therefore, his Amended Complaint as against the Defendants must be dismissed.

Elements: Any person having a claim against a municipality is required to provide "a particular account" of the claim, including a description of the occurrence in question, and this is to be presented to the City or Town Council. See R.I. Gen. L. § 45-15-5. Forty (40) days after presentment, the claimant may file suit against the municipality's treasurer. Id. The intent of the statute is to provide the town with an opportunity to investigate and arrange for the disposition of claims prior to incurring litigation expenses. Bernard v. Alexander, 605 A.2d 484 (R.I. 1992).

**FOURTH DEFENSE**

The Defendants' liability to the Plaintiff (if any) is limited by the provisions of R.I.G.L. § 9-31-1, et. seq.

Elements: In tort cases where recovery against governmental entities is permitted, the amount recoverable is limited by statute to $100,000. See R.I. Gen. L. § 9-31-3. The cap does not apply in cases where the municipality "was engaged in a proprietary function in the commission of the tort." Id.

**FIFTH DEFENSE**

The Defendants cannot be held liable to the Plaintiff on the grounds that Defendants' acts or omissions (if any) were discretionary; therefore, the Defendants remain immune from liability.

Elements: "The primary purpose of the Public Duty Doctrine is to encourage the effective administration of governmental operations by removing the threat of potential litigation. This need to protect the government's ability to perform certain functions is particularly relevant when the activity in question involves a high degree of discretion, such as governmental planning or political decision making. The state would be unable to function if liability was imposed each time an individual was deleteriously affected by such activities. We shall therefore continue to immunize the government for harm resulting from discretionary acts." Catone v. Medberry, 555 A.2d 328 (R.I. 1989).

**SIXTH DEFENSE**

The Defendants cannot be held liable to the Plaintiff on the grounds that any duty owed to the Plaintiff was a public duty; therefore, the Defendants remain immune from liability.

Elements: See Fifth Defense above.

**SEVENTH DEFENSE**

The Defendants were engaged in a governmental activity or function not ordinarily performed by a private person; therefore, the Defendants remain immune from liability.

Elements: A proprietary function is defined as one that is not "so intertwined with governing that

the government is obligated to perform it only by its own agents or employees." Lepore v. Rhode Island Public Transit Authority, 524 A.2d 574 (R.I. 1987). These are activities that could "easily be performed by a private business corporation." Id.

**EIGHTH DEFENSE**

The Defendants are protected from liability by the doctrine of sovereign immunity.

Elements: "Although sovereign immunity has been abolished, there remains a '[r]ecognition that there is a zone of governmental operation which should be insulated from tort claims, even in the absence of sovereign immunity.' This limited protection from liability is accomplished through legislative enactments granting immunity in certain instances or by this Court, pursuant to the public-duty doctrine." Morales v. Town of Johnston, 895 A.2d 721, 727 -728 (R.I. 2006) (citations omitted). Furthermore, "Absent an express statutory provision to the contrary, the doctrine of sovereign immunity insulates the state from paying prejudgment interest." Rhode Island Public Telecomm. Auth. v. Russell, 914 A.2d 984, 995 (R.I. 2007).

**NINTH DEFENSE**

The Plaintiff's damages, if any, were caused by someone for whose conduct the Defendants cannot be held responsible.

Elements: A plaintiff may only be compensated for damages proximately resulting from the conduct of a defendant. No damages can be awarded when the particular claim for compensation is not supported by the required proof or is speculative or imaginary. Jackson v. Choquette & Co., Inc., 78 R.I. 164, 169-170, 80 A.2d 172, 175 (R.I. 1951).

**TENTH DEFENSE**

The Plaintiff failed to mitigate damages.

Elements: The law in Rhode Island is well settled that a party claiming injury "has a duty to exercise reasonable diligence and ordinary care in attempting to minimize its damages." Tomaino v. Concord Oil of Newport, Inc., 709 A.2d 1016, 1026 (R.I.1998) (citing Bibby's Refrigeration, Heating & Air Conditioning, Inc. v. Salisbury, 603 A.2d 726, 729 (R.I.1992)).

**ELEVENTH DEFENSE**

The Plaintiff was comparatively negligent; therefore, his recovery (if any) must be diminished by the proportion of negligence attributable to him. R.I.G.L. § 9-20-4.

Elements: "In all actions hereafter brought for personal injuries, ... the fact that the person injured, ... may not have been in the exercise of due care shall not bar a recovery, but damages shall be diminished by the finder of fact in proportion to the amount of negligence attributable to the person injured, or the owner of the property or the person having control over the property." R.I.G.L. § 9-20-4.

**TWELFTH DEFENSE**

The Plaintiff voluntarily exposed himself to a known and appreciated risk and, therefore, cannot recover.

Elements: The doctrine of assumption of the risk, if proven, "absolve [s] a defendant of liability for having created an unreasonable risk." Raimbeault v. Takeuchi Manufacturing (U.S.), Ltd., 772 A.2d 1056, 1064 (R.I. 2001) (citations omitted). "[A]n individual does not assume the risk of harm arising from another's conduct unless he knows of the existence of the risk and appreciates its unreasonable character." Rickey v. Boden, 421 A.2d 539, 543 (R.I. 1980).

**THIRTEENTH DEFENSE**

The Plaintiff, by his conduct or actions, are estopped from recovering in this matter against the Defendants.

Elements: Estoppel has been defined as "A bar that prevents one from asserting a claim or right that contradicts what one has said or done before or what has been legally established as true." See Black's Law Dictionary (8th ed. 2004). Estoppel bars a party from "raising certain rights or privileges when it would be inequitable to permit their assertion." Pancheo v. Nationwide Mut. Ins. Co., 114 R.I. 575, 577-78, 337 A.2d 240, 242 (1975). Estoppel involves the action of both parties, arises by operation of law, and is dependent upon the showing of prejudicial reliance by the party asserting the theory. Id. at 578, 337 A.2d at 242.

**FOURTEENTH DEFENSE**

The injury or damages alleged in the Complaint were neither caused nor proximately caused by the Defendants.

Elements: In civil cases, "plaintiff bears the burden to prove each element by a preponderance of the evidence, meaning that the trier of fact 'must believe that the facts asserted by the proponent are more probably true than false.'" Narragansett Elec. Co. v. Carbone, 898 A.2d 87, 99-100 (R.I. 2006)

**FIFTEENTH DEFENSE**

The Plaintiff has failed to effect service of process, and/or effected insufficient service of process, and therefore cannot recover against Defendants.

Elements: The Rhode Island state Rules of Procedure require service of a summons "[u]pon an individual from whom a waiver has not been obtained and filed, ... by delivering a copy of the summons and complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, provided that if the agent is one designated by statute to receive service, such further notice as the statute requires shall be given." See R.I. R. Civ. P. 4(e)(1); see also Fed. R. Civ. P. 4(e). Under state law, "what is or is not a party's dwelling house or usual place of abode is a question that may only be resolved by looking at the totality of facts in a particular dispute." Lavey v. Lavey, 551 A.2d 692, 694 (R.I. 1988). The place of employment

of a government employee defendant does not qualify as their dwelling house or usual place of abode for the purpose of service of process. See Perez Lopez v. Mangome, 117 F.R.D. 327, 328 (D.Puerto Rico 1987); see also Spiess v. Meyers, 483 F.Supp.2d 1082, 1094 (D.Kan. 2007) (service upon government employees sued in their individual capacities by certified mail, to business address, and to state attorney insufficient under state law).

**SIXTEENTH DEFENSE**

The Defendants state that the Plaintiff was guilty of contributory negligence and that the damages, if any, recovered by the Plaintiff from the Defendants should be reduced in proportion to the said negligence of the Plaintiff.

Elements: See Eleventh Defense above.

**SEVENTEENTH DEFENSE**

The Defendants state that Plaintiff failed to exhaust his administrative remedies and therefore cannot recover.

Elements: Under Rhode Island law, "Any person, including any small business, who has exhausted all administrative remedies available to him or her within the agency, and who is aggrieved by a final order in a contested case is entitled to judicial review under this chapter." R.I. Gen. L. § 42-35-15. "If plaintiff was seeking a reversal of a ruling by the building inspector based on an erroneous interpretation of the ordinance, which relief the board of review has the power to grant, then the exhaustion-of-administrative remedies rule would have required an appeal to the board." M.B.T. Const. Corp. v. Edwards, 528 A.2d 336, 337 -338 (R.I. 1987).

**EIGHTEENTH DEFENSE**

The Defendants state that the Plaintiff, by virtue of his actions or conduct and/or the actions or conduct of their agents, servants, employees or representatives, cannot recover from the defendants.

Elements: The Rhode Island Supreme Court "has held in repeated pronouncements that '[w]aiver is the voluntary intentional relinquishment of a known right. It results from action or nonaction ....' Waiver that results from a party's actions may be expressed in the actions themselves or implied from them, and 'may arise where a person against whom the waiver is asserted has pursued such a course of conduct as to sufficiently evidence an intention to waive a right or where his [or her] conduct is inconsistent with any other intention than to waive it.'" Haydon v. Stamas, 900 A.2d 1104, 1112-1113 (R.I. 2006) (citations omitted).

**NINETEENTH DEFENSE**

The Defendants state that there was no causal relationship between the Plaintiff's alleged damages and the acts or omissions of the Defendants; therefore, the Plaintiff cannot recover against the Defendants for negligence or for the maintenance of a private nuisance.

Elements: See Ninth Defense above. Furthermore: "Under Rhode Island law it is well settled that

a cause of action for a private nuisance 'arises from the unreasonable use of one's property that materially interferes with a neighbor's physical comfort or the neighbor's use of his real estate.'" Hydro-Manufacturing, Inc. v. Kayser-Roth Corp., 640 A.2d 950, 957 (R.I. 1994) (citation omitted)

**TWENTIETH DEFENSE**

The Defendants state that the Plaintiff's damages, if any, were caused by an act of God and, therefore, Plaintiff's recovery against the Defendants is barred.

Elements: The Restatement provides that "An act of God is a serious and unusual adverse natural event. Act of God serves as an affirmative defense to certain rules of strict liability. In a negligence action, acts of God relate to the issue of negligence in several ways. First, the foreseeable likelihood of acts of God-- of adverse natural events--may bear on the foreseeable likelihood of harm occasioned by the actor's conduct. Second, even when adverse natural events are foreseeable, the question arises as to what reasonable precautions are available to the actor." Restatement (Third) Torts § 3 comment (i).

**TWENTY-FIRST DEFENSE**

The Plaintiff's recovery is barred by the applicable statute of limitations.

Elements: Under Rhode Island law, "in cases involving actions or claims in tort against the state or any political subdivision thereof or any city or town, the action shall be instituted within three (3) years from the effective date of the special act, or within three (3) years of the accrual of any claim of tort." R.I. Gen.L. § 9-1-25.

**TWENTY-SECOND DEFENSE**

The Defendants' conduct with respect to the maintenance of its property was authorized by law and, therefore, the Plaintiff's recovery is barred.

Elements: "Cities and towns may take, purchase, and hold real and personal property ... and may make all contracts, including lease or lease-purchase agreements of real and personal property, necessary and convenient for the transaction of the business of the city or town." R.I. Gen. L. § 45-2-4; see also R.I. Gen. L. § 45-2-5 (authorizing "town council of any town ... to sell, lease, convey, or use ... for any purpose whatsoever, any lands or properties owned by the ... town" if the property have become unsuitable or have ceased to be used for public purposes).

**TWENTY-THIRD DEFENSE**

The Defendants' conduct with respect to the maintenance of its property was both legal and reasonable and, therefore, the Plaintiff's recovery is barred.

Elements: In Rhode Island "each possessor is legally privileged to make a reasonable use of his land, even though the flow of surface waters is altered thereby and causes some harm to others, but incurs liability when his harmful interference with the flow of surface waters is unreasonable." See Butler v. Bruno, 115 R.I. 264, 273, 341 A.2d 735, 740 (R.I. 1975).

**TWENTY-FOURTH DEFENSE**

The Plaintiff's Amended Complaint must be dismissed for misnomer of a party.

Elements: Under Rule 15(c) amendments to pleadings will only relate back to the date of the original pleading when "the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Fed. R. Civ. P. 15(c) (emphasis added).

**TWENTY-FIFTH DEFENSE**

The Defendants state that the injuries or damages alleged were caused in whole or in part by the violation by the Plaintiff of the various statutes, ordinances and regulations governing the conduct of the parties at the time said injuries or damages were sustained.

Elements: This is a factual defense.

**TWENTY-SIXTH DEFENSE**

The individual Defendants are entitled to qualified immunity.

Elements: Under federal law, "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

**TWENTY-SEVENTH DEFENSE**

The Plaintiff cannot recover against the individual Defendants named in their official capacity because official capacity lawsuits are tantamount to suits against the municipality itself.

Elements: "Suits against state officials in their official capacity therefore should be treated as suits against the State." Hafer v. Melo, 502 U.S. 21, 25 (1991).

**TWENTY-EIGHTH DEFENSE**

The Defendants state that the actions of the Defendants were performed according to, and protected by law, and/or legal process, and that therefore the Plaintiff cannot recover.

Elements: "The enactment of a law forecloses speculation by enforcement officers concerning its constitutionality--with the possible exception of a law so grossly and flagrantly unconstitutional that any person of reasonable prudence would be bound to see its flaws. Society would be ill-served if its police officers took it upon themselves to determine which laws are and which are not constitutionally entitled to enforcement." Michigan v. DeFillippo, 443 U.S. 31, 38 (1979)

**TWENTY-NINTH DEFENSE**

The Defendants were privileged in their conduct and acts and, therefore, the Plaintiff cannot recover.

Elements: A qualified privilege has been defined as "[a] privilege that immunizes an actor from suit only when the privilege is properly exercised in the performance of a legal or moral duty. -- Also termed conditional privilege." See Black's Law Dictionary (8th ed. 2004).

**THIRTIETH DEFENSE**

The Defendants state that at all times relevant hereto, the Defendants acted without malice toward the Plaintiff and that their actions relative to the Plaintiff were privileged by virtue of their acting reasonably and in good faith within the scope of their authority.

Elements: See the twenty-sixth defense above.

**THIRTY-FIRST DEFENSE**

The Defendants answering state that the Plaintiff was not deprived of any rights secured by either the state or U.S. Constitution or by the laws of the State of Rhode Island or the United States.

Elements: In a civil rights action under Section 1983, the plaintiff must prove, by a preponderance of the evidence, that a person acting under color of state law deprived him of a Constitutional or federally protected right. Tatro v. Kervin, 41 F.3d 9, 14 (1st Cir. 1994). The plaintiff must identify a specific right derived from a specific provision of the Constitution or federal law. Id.; see also, Albright v. Oliver, 510 U.S. 266 (1994).

**THIRTY-SECOND DEFENSE**

The Defendants state Plaintiff cannot demonstrate his rights were deprived by action of a custom, policy or practice of the municipal Defendants and therefore Plaintiff cannot recover.

Elements: A municipality may be liable under § 1983 only if there is a showing that a policy or custom of the municipality caused Plaintiff's injury. Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978).

Respectfully submitted,

The Defendants,
By their attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

/s/ John J. Cloherty III

John J. Cloherty III, RI Bar No. 5068
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Rhode Island Office:
128 Dorrance St., Suite 400
Providence RI 02903
(866) 896-4901

CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon each attorney of record, by electronic filing.

07/10/07 /s/ John J. Cloherty III