UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID M. CIAMPI<br><br>v.<br><br>ETSUKO MOTOKI ZUCZEK, in her capacity as Finance Director of the Town of Westerly; PAUL CORINA, in his capacity as Superintendent of Water of the Town of Westerly, and PAUL CHIARADIO, in his capacity as Superintendent of Public Works of the Town of Westerly | C.A. No. 07-256-S |

**PLAINTIFF'S LOCAL RULE 16(C) STATEMENT OF CLAIMS**

Plaintiff, David A. Ciampi, has asserted claims against the Town of Westerly, including the Finance Director, Superintendent of Water and the Superintendent of Public Works. Mr. Ciampi has complied with R.I. Gen. Laws § 45-15-5 by filing a Notice of Claim with the Town Council, on or about September 2, 2005. Mr. Ciampi is the owner of property located in Westerly, Rhode Island, at 486 Atlantic Avenue, further identified as Assessor's Plat 165, Lot 65 (the "Property"). Mr. Ciampi has set forth six counts in his Amended Complaint, Procedural Due Process, Substantive Due Process, Trespass, Unjust Enrichment and Indemnification.

**STATEMENT OF FACTS**

In September 2000, Ciampi entered into a Purchase and Sale Agreement with the owners of the Property. During the permitting process in the Fall of 2000, Ciampi learned that a drainage ditch and waterline existed that ran the entire length of the Property. The Town admitted to Ciampi that it had created the drainage ditch for the sole purpose of alleviating

drainage problems along Atlantic Avenue. As a result of the actions of the Town, the Property is subject to flooding and ponding of water that did not exist previously.

In December, 2004, after Ciampi began construction on a single-family residence on the Property, he was advised in August 2005 by CRMC that the drainage ditch constituted a violation of his Assent to construct his residence and required him to take corrective action. In July 2006, during the course of the construction of his home, Ciampi discovered that a 4 inch, 125 foot municipal waterline ran through the entire length of his Property that serviced two residences behind the Property, specifically, properties identified as Plat 155, Lots 66 and 67. The Town did not gain permission from the previous owners or Ciampi to install either the drainage ditch or the waterline across the Property.

**Count I: Eminent Domain**

The actions of the Town in entering upon the Property and creating flooding, ponding and an increase in wetlands constitute a physical invasion upon and taking of the Property for which Ciampi has never received just compensation in violation of the Fifth Amendment of the United States Constitution and Article One, Section Sixteen of the Rhode Island Constitution

**Count II: Procedural Due Process**

The Town's taking of Ciampi's Property by eminent domain violates the procedural requirements and safeguards set forth in R.I. Gen. Laws§§ 45-54-9 and 37-6-28 and as such was unconstitutional and denied Ciampi his procedural due process rights in violation of 42 U.S.C. § 1983.

**Count III: Substantive Due Process**

The actions of the Town denied Ciampi his substantive due process rights as the actions were arbitrary and capricious and bore no conceivable substantial or rational relation to the health, safety and welfare of the people and were, therefore, an invalid exercise of police powers.

**Count IV: Trespass**

The Town has trespassed and continues to trespass upon the Property by its repeated failure to correct the flooding and ponding, remove the waterline and restore the Property to its former condition. The Town has no legal right to trespass upon Ciampi's Property and Ciampi has been damaged as a result of the Town's unlawful trespass.

**Count V: Unjust Enrichment**

The actions of the Town have benefited the Town in that the Property serves as a *de facto* drainage swale for the surrounding area and *de facto* easement for the waterline. The Town has never compensated Ciampi for the benefit which it received as a result of its actions, accordingly, the Town has been unjustly enriched at the expense of Ciampi

**Count VI: Indemnification**

As a result of the wrongful actions of the Town, Ciampi has suffered damages. Ciampi is entitled to indemnification from the Town for his damages.

Respectfully submitted,
PLAINTIFF, DAVID CIAMPI

By his attorney,

/s/ Elizabeth McDonough Noonan
Elizabeth McDonough Noonan, #4226
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200 (phone)
(401) 351-4607 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this __ day of August, 2007, I did send a true copy of the within document by electronic means (ECF) or email to the following:

John J. Cloherty III, Esq.
Ten Winthrop Square
Boston, MA 02110

/s/ Elizabeth McDonough Noonan

*426708_1.doc*